**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THELMA WILLIAMS, JR.
ADC #93197                                                                                            PLAINTIFF

V.                                            4:09CV00039 JMM/JTR

JANET CATHELL,
Deputy Treasurer, Pulaski County, et al.                                          DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Thelma Williams, Jr.,[1] who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis,* a *pro se* § 1983 Complaint, an Amended Complaint, and an Addendum. *See* docket entries #1 through #4. For the reasons set forth herein, the Application to Proceed *In Forma Pauperis* will be denied, and the case dismissed, without prejudice.

**I. Discussion**

**A.      Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

---

[1] While his first name might suggest otherwise, Plaintiff is a male.

The Court's records establish that Plaintiff has previously filed at least three cases that were dismissed for failing to state a claim upon which relief may be granted. *See Williams v. Gibson,* 5:07CV00178 WRW (dismissed on Aug. 13, 2007, and affirmed on appeal on Feb. 13, 2008); *Williams v. Bennett*; 5:07CV00179 JMM (dismissed on Aug. 17, 2007, and affirmed on appeal on Feb. 13, 2008); *Williams v. Smallwood;* 5:07CV00181 JMM (dismissed on Sept. 13, 2007, and affirmed on appeal on Dec. 18, 2008). Accordingly, the Court concludes that Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing this action on January 21, 2009.[2]

**B.    Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work

---

[2] Additionally, Plaintiff has previously had at least three cases dismissed pursuant to the three-strikes rule. *See Williams v. Edward*, 2:08CV00188 JLH; *Williams v. Sims*, 2:08CV00196 WRW; *Williams v. Ferricher*, 5:09CV00005 JMM.

outside in extreme weather conditions that did not result in any serious physical injuries).

In his pleadings, Plaintiff contends that Defendants are violating his due process rights by taking his family's real property without just compensation. *See* docket entries #2, #3, and #4. This allegation does not place Plaintiff in imminent danger of serious physical injury. Accordingly, he has failed to satisfy the exception to the three-strikes rule, as set forth in § 1915(g).

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

2. This § 1983 action is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue with this case, he must, **within thirty days of the entry of this Order**: (a) pay the statutory filing fee of $350, in full, noting the above case style and number; and (b) file a Motion to Reopen the case.

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 4th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE